## DOTY v. STANTON.

*(Supreme Court, General Term, Fifth Department.　October, 1888.)*

1. **EVIDENCE—WITNESS' CONCLUSIONS.**

   The question being whether a certain payment was to be applied on a land contract or on a note, one of the vendors and holders was asked: "Was the $900 mentioned by F. [the vendee] in fact paid on the land contract?" to which he answered, "No." F. had testified that he made the payment, and that he owed·the vendors nothing, except on the contract. *Held*, that the above question called for the witness' conclusion on the matter in dispute, and it was error to allow it.

2. **SAME—INADMISSIBLE EVIDENCE—PREJUDICIAL ERROR.**

   Testimony which is confessedly inadmissible, and whose tendency is to sustain plaintiff's theory of the case, and also to impeach the credit of one of defendants' principal witnesses, must be held prejudicial, and ground for reversal.

3. **SAME—EVIDENCE IN OTHER ACTIONS—HEARSAY.**

   On cross-examination a witness, B., was asked if on an examination in supplementary proceedings against S. before a referee he had testified to certain matters. He answered that he had no recollection of being sworn or examined in such proceedings. The referee therein was called by defendants, and testified, after referring to his minutes, that B. had testified in those proceedings, and read certain testimony given by him. Subsequently the plaintiff was permitted to put in evidence the whole of the referee's minutes of B.'s testimony in said proceedings, containing matters material to the issues in the present action. *Held*, that the referee's minutes, while they could be used to refresh his memory, were not evidence for any purpose, and their admission was error.

Appeal from judgment on report of referee.

*J. M. Humphrey*, for appellant.　*N. A. Woodward*, for respondent.

DWIGHT, J.　The action was to foreclose a contract for the sale of lands, made by Charles B. Benedict and Leonidas Doty, as vendors, with Isaac Friend as purchaser, which had been assigned by the vendors to the plaintiff. The issue litigated was payment. The determination of that issue depended upon the question whether certain moneys paid by Friend, and which were applied upon a note of $4,000, made by Stanton, and discounted either by Benedict and Doty or by Doty alone, were also applicable in reduction of the amount due on the contract in suit. The theory of the defendants upon which the double application of the payments in question is claimed is that Benedict and Doty had taken title, by purchase, to the several parcels of land embraced in the contract, at the request of Stanton and Friend, and ·held the same by way of security for the advances made by them in the purchase, and for other moneys loaned and advanced by them to and for the benefit.of Stanton, and under an arrangement to convey the same to Friend on payment by him of the moneys so loaned and advanced, and of a commission for their services; that the aggregate of the amounts thus secured was the sum named in the contract in suit; and that such aggregate included the note of $4,000, before mentioned. There was a great volume of conflicting evidence bearing upon the questions of fact thus presented and involved. The referee ·finds that the amount of the note in question was not included in the consideration of the contract, and hence that the payments in question were not applicable in reduction of the amount due thereon. It is not clear that this finding was unwarranted by the evidence before the referee; but we are of opinion that errors were committed in the admission of evidence, which may have been prejudicial to the defendants, and for which a new trial must be granted. A very liberal rule in respect to the admission of evidence seems to have been applied by the referee throughout the trial, and comparatively little evidence was excluded which was offered on either side; but errors in favor of the defendants cannot be offset against errors to their prejudice, and the conclusion of the referee cannot be upheld if it appears that it may have been based upon evidence improperly admitted.

In the course of his testimony Leonidas Doty gave evidence in respect to payments made by Friend, which were applied by Doty on the note of.$4,000,

and not on the contract. The dates and amounts of the several payments were not in question, nor that they went to the extinguishment of the $4.000 note. The only question, as we have seen, was whether they also went, or should have gone, to the discharge of the contract in suit. The question objected to called for a statement by Doty of the purpose with which a certain payment of $900 was made. He was asked, "Was the $900 mentioned by Friend in fact paid upon the land contract?" to which he answered, "No." Friend had testified that he made the payment; that he owed Benedict and Doty nothing except the money advanced by them in the purchase of the land, and which he was to pay to redeem it. He was not certain whether the written contract had been executed; but both he and Stanton testified that the bargain had been made, and Stanton that Benedict had told Friend that whenever he got any money he might bring it to him, and he would apply it on the agreement. The question to Doty called not for a fact, but for a conclusion on the matter in dispute. Whether the $900 was paid on the contract depended upon the intent and understanding with which the payment was made, and that was to be inferred from what was said and done, and from the circumstances of the transaction. It was not competent for Doty to testify to his conclusion drawn from those facts; still less to impute to Friend an intention which was entertained by himself alone. The court cannot say that this incompetent evidence did not affect the decision of the referee. That decision was in accordance with the evidence so received on the disputed question in the case, in respect to which the evidence was sharply conflicting.

An exception to the admission of evidence of the witness Benedict was well founded. The evidence objected to consisted of the narration by Benedict of a conversation had by him with Mr. Tifft, one of the parties in New York from whom the purchase of a large portion of the real estate was made. Benedict testified that he had been with Stanton to see those parties on the previous day, and found them disinclined to talk; that on the next day he went without Stanton, and had the conversation with Mr. Tifft to which he testifies under objection. In this conversation Mr. Tifft is represented as communicating to Benedict his suspicions of Stanton; agreeing with Benedict in his estimation of Stanton's character,—evidently not a favorable one; and as relating to Benedict a conversation which he had had with Stanton the day before Benedict and Stanton came together, in which Stanton proposed to bring them a purchaser for the property at $10,000, on condition that he should have a commission of $1,000 for making the sale. The result of the interview, as testified by Benedict, was the proposition from Tifft to sell the property to Benedict, independently of Stanton, at $9,000. All this evidence was palpably inadmissible. Counsel does not attempt to justify the ruling, but seeks to avoid the effect of the error on the ground that it did not prejudice the defendants. This it is impossible to do. The tendency of the evidence was to sustain the plaintiff's theory that the purchase of the property was made by Benedict and Doty on their own account, and for their own benefit, and also to impeach the credit of Stanton, upon whose evidence the defendants largely rely to sustain their defense. Another ruling on evidence is liable to serious criticism. On his cross-examination the witness Benedict was asked if on an examination in supplementary proceedings against Stanton, in 1870 or 1871, before one Loerish, referee, he had testified to certain matters specified in the question. His answer was that he had no recollection of being sworn or examined in the proceeding. Mr. Loerish was afterwards called by the defendants, and testified, after referring to his minutes, that Benedict was examined in the proceeding referred to, and gave evidence as follows: "Isaac and John Friend gave me a request that I should purchase this property; so did Stanton;" and that the property referred to was a farm bought of the Doters or some parties in New York. Also: "I don't know that I had but one interview with Stanton on this matter before going to New York. Stanton went

to New York, and while there telegraphed me to come down; that the parties were there.   He agreed to telegraph me if the parties were there.   He did so."   Also, "I have all the papers sent me by the Doters at my office now."   Subsequently, and at the folio of the case last referred to, the plaintiff was permitted to put in evidence the whole of the referee's minutes of the testimony of Benedict given on the examination in supplementary proceedings.   It covers five pages of the case on this appeal, and relates to a great number of matters, material to the issues in this action, not embraced or referred to in the testimony of Loerish.   The defendants' objection to this evidence was full and specific, and the ruling excepted to was clearly error.   The referee's minutes were not evidence for any purpose.   No portion of them had been introduced in evidence by the defendants.   The referee was permitted to refer to his minutes for the purpose of refreshing his recollection on the particular matters to which his attention was called.   It would have been competent for the plaintiff to inquire in the same manner for all the evidence given by the witness in reference to the same subject.   Beyond this the plaintiff was not entitled to go.   The result of the ruling in question was to give to the plaintiff the benefit of all the testimony the witness Benedict had given in another proceeding.   It was hearsay, merely, in this case.

It is very much to be regretted that there should be the necessity to repeat so protracted a trial as that of this case; but the judgment rendered cannot be sustained without disregarding several fundamental and necessary rules of evidence.   The judgment must be reversed, and a new trial granted, before another referee, with costs to abide the event.   All concur.